1  AMY W. SCHULMAN
   DLA PIPER LLP
2  1251 Avenue of the Americas
   New York, NY 10020
3  Telephone:  (212) 335-4500
   Facsimile:  (212) 335-4501
4  amy.schulman@dlapiper.com

5  STUART M. GORDON (SBN: 037477)
   GORDON & REES LLP
6  Embarcadero Center West
   275 Battery Street, Suite 2000
7  San Francisco, CA 94111
   Telephone:  (415) 986-5900
8  Facsimile:  (415) 986-8054
   sgordon@gordonrees.com
9
10 MICHAEL C. ZELLERS (SBN: 146904)
   TUCKER ELLIS & WEST LLP
11 515 South Flower Street, Suite 4200
   Los Angeles, CA 90071-2223
12 Telephone:  (213) 430-3400
   Facsimile:  (213) 430-3409
13 michael.zellers@tuckerellis.com

14 Attorneys for Defendants
   PFIZER INC., PHARMACIA CORPORATION, AND
15 G.D. SEARLE LLC

16                 UNITED STATES DISTRICT COURT

17                NORTHERN DISTRICT OF CALIFORNIA

18                   SAN FRANCISCO DIVISION

19 IN RE CELEBREX AND BEXTRA          )  MDL Docket No. 1699
   MARKETING, SALES PRACTICES AND     )
20 PRODUCTS LIABILITY LITIGATION      )  CASE NO. 3:07-cv-03643-CRB
   _____    )
21 *This document relates to*          )  **PFIZER INC., PHARMACIA**
                                      )  **CORPORATION, AND G.D.**
22 BETTY LOU BASS,                    )  **SEARLE, LLC'S ANSWER TO**
                                      )  **COMPLAINT**
23        Plaintiff,                  )
                                      )  **JURY DEMAND ENDORSED**
24     vs.                            )  **HEREIN**
                                      )
25 PFIZER, INC., PHARMACIA CORPORATION, )
   G.D. SEARLE LLC, and MONSANTO      )
26 COMPANY,                           )
                                      )
27        Defendants.                 )
   _____    )
28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-1-
ANSWER TO COMPLAINT – 3:07-cv-03643-CRB

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiff's Complaint as

2    "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation (f/k/a "Monsanto Company"[1]) ("Pharmacia"),

3    and G.D. Searle LLC ("Searle") (collectively "Defendants"), and file this Answer to Plaintiff's

4    Complaint ("Complaint"), and would respectfully show the Court as follows:

5    **I.**

6    **PRELIMINARY STATEMENT**

7    The Complaint does not state in sufficient detail when Plaintiff was prescribed or used

8    Bextra® (valdecoxib) ("Bextra®").  Accordingly, this Answer can only be drafted generally.

9    Defendants may seek leave to amend this Answer when discovery reveals the specific time

10   periods in which Plaintiff was prescribed and used Bextra®.

11   **II.**

12   **ANSWER**

13   Answering the unnumbered paragraph preceding Paragraph 1 of the Complaint,

14   Defendants admit that Plaintiff brought this civil action seeking monetary damages, but deny

15   that Plaintiff is entitled to any relief or damages.  Defendants admit that, during certain periods

16   of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be

17   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

18   with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra®

19   was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted

20   and distributed Bextra® in the United States to be prescribed by healthcare providers who are

21   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

22   state that Bextra® was and is safe and effective when used in accordance with its FDA-

23   approved prescribing information.  Defendants state that the potential effects of Bextra® were

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

24
25   [1]  Plaintiff's Complaint names "Monsanto Company" as a Defendant.  Defendants state that in 1933, an entity
     known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware.  On March 31,
26   2000, 1933 Monsanto changed its name to Pharmacia Corporation.  On February 9, 2000, a separate company,
     Monsanto Ag Company, was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag
27   Company changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged in the
     agricultural business and does not and has not ever designed, produced, manufactured, sold, resold, or distributed
28   Bextra®.  Given that Plaintiff alleges in the Complaint that Monsanto Company was involved in distributing
     Bextra®, *see* PLAINTIFF'S COMPLAINT at ¶ 5, Defendants assume Plaintiff means to refer to 1933 Monsanto.  As a
     result, Pharmacia will respond to the allegations directed at Monsanto Company.

1   and are adequately described in its FDA-approved prescribing information, which was at all

2   times adequate and comported with applicable standards of care and law. Defendants deny any

3   wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining

4   allegations in this paragraph of the Complaint.

5                    **Response to Allegations Regarding Parties**

6   1.      Defendants are without knowledge or information sufficient to form a belief as to the

7   truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same.

8   Defendants are without knowledge or information sufficient to form a belief as to the truth of

9   the allegations regarding whether Plaintiff used Bextra® and Plaintiff's medical condition, and,

10  therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the

11  Complaint.

12  2.      Defendants admit that Pfizer is a Delaware corporation with its principal place of

13  business in New York.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as

14  the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

15  Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted

16  Bextra® in the United States, including California, to be prescribed by healthcare providers

17  who are by law authorized to prescribe drugs in accordance with their approval by the FDA.

18  Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and

19  ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

20  such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in

21  this paragraph of the Complaint.

22  3.      Defendants admit that Searle is a Delaware limited liability company with its principal

23  place of business in Illinois.  Defendants admit that, during certain periods of time, Bextra®

24  was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted

25  and distributed Bextra® in the United States to be prescribed by healthcare providers who are

26  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

27  deny the remaining allegations in this paragraph of the Complaint.

28  4.      Defendants admit that Pharmacia is a Delaware corporation with its principal place of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

business in New Jersey.  Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in this Paragraph of the Complaint.

5.    Defendants admit that in 1933 an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, a subsidiary of 1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged in the agricultural business and does not and has not ever manufactured, marketed, sold, or distributed Bextra®.  The 2000 Monsanto is not and has never been the parent of either Searle or Pharmacia.  As the 2000 Monsanto does not and has not ever manufactured, marketed, sold, or distributed Bextra®, Defendants therefore state that the 2000 Monsanto is not a proper party in this matter.  Defendants deny the remaining allegations in this paragraph of the Complaint. Defendants state that the response to this paragraph of the Complaint regarding Monsanto is incorporated by reference into Defendants' responses to each and every paragraph of the Complaint referring to Monsanto and/or Defendants.

6.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  the allegations in this paragraph of the Complaint.

2  7.    Defendants deny the allegations in this paragraph of the Complaint.

3  <u>**Response to Allegations Regarding Jurisdiction and Venue**</u>

4  8.    Defendants are without knowledge or information sufficient to form a belief as to the

5  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and

6  the amount in controversy, and, therefore, deny the same.  However, Defendants admit that

7  Plaintiff claims that the parties are diverse and that the amount in controversy exceeds $75,000,

8  exclusive of interests and costs.

9  9.    Defendants are without knowledge or information sufficient to form a belief as to the

10 truth of the allegations in this paragraph of the Complaint regarding the judicial district in

11 which the asserted claims allegedly arose, and, therefore, deny the same.  Defendants deny

12 committing a tort in the State of Arkansas or the State of California and deny the remaining

13 allegations in this paragraph of the Complaint.

14 10.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

15 and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

16 by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

17 admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

18 which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

19 be prescribed by healthcare providers who are by law authorized to prescribe drugs in

20 accordance with their approval by the FDA.  Defendants admit that they provided FDA-

21 approved prescribing information regarding Bextra®.  Defendants admit that they do business

22 in the State of California.  Defendants state that Plaintiff's allegations regarding "predecessors

23 in interest" are vague and ambiguous.  Defendants are without knowledge or information to

24 form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny

25 any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

26 <u>**Response to Allegations Regarding Interdistrict Assignment**</u>

27 11.    Defendants state that this paragraph of the Complaint contains legal contentions to

28 which no response is required.  To the extent that a response is deemed required, Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

2    and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

3    Panel on Multidistrict Litigation on September 6, 2005.

4                                **Response to Factual Allegations**

5    12.    Defendants are without knowledge or information sufficient to form a belief as to the

6    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

7    Defendants deny the remaining allegations this paragraph of the Complaint.

8    13.    Defendants are without knowledge or information sufficient to form a belief as to the

9    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

10   Defendants state that Bextra® was and is safe and effective when used in accordance with its

11   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

12   were and are adequately described in its FDA-approved prescribing information, which was at

13   all times adequate and comported with applicable standards of care and law.  Defendants deny

14   that Bextra® caused Plaintiff injury or damage and deny the remaining allegations this

15   paragraph of the Complaint.

16   14.    Defendants are without knowledge or information sufficient to form a belief as to the

17   truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used

18   Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that

19   Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph

20   of the Complaint.

21   15.    Defendants admit that Bextra® was expected to reach consumers without substantial

22   change from the time of sale.  Defendants are without knowledge or information sufficient to

23   form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and,

24   therefore, deny the same.  Defendants deny the remaining allegations this paragraph of the

25   Complaint.

26   16.    Defendants state that Bextra® was and is safe and effective when used in accordance

27   with its FDA-approved prescribing information.  Defendants state that the potential effects of

28   Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  which was at all times adequate and comported with applicable standards of care and law.

2  Defendants are without knowledge or information sufficient to form a belief as to the truth of

3  the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

4  Defendants deny remaining the allegations in this paragraph of the Complaint.

5  17.    Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-

6  steroidal anti-inflammatory drugs ("NSAIDS").  Defendants state that Bextra® was and is safe

7  and effective when used in accordance with its FDA-approved prescribing information.

8  Defendants state that the potential effects of Bextra® were and are adequately described in its

9  FDA-approved prescribing information, which was at all times adequate and comported with

10  applicable standards of care and law.   Defendants deny the remaining allegations in this

11  paragraph of the Complaint.

12  18.    The allegations in this paragraph of the Complaint are not directed toward Defendants

13  and, therefore, no response is required.   To the extent a response is deemed required,

14  Defendants state that Plaintiff fails to provide the proper context for the allegations in this

15  paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

16  form a belief as to the truth of such allegations and, therefore, deny the same.

17  19.    The allegations in this paragraph of the Complaint are not directed toward Defendants

18  and, therefore, no response is required.   To the extent a response is deemed required,

19  Defendants state that Plaintiff fails to provide the proper context for the allegations in this

20  paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

21  form a belief as to the truth of such allegations and, therefore, deny the same.

22  20.    The allegations in this paragraph of the Complaint are not directed toward Defendants

23  and, therefore, no response is required.   To the extent a response is deemed required,

24  Defendants state that Plaintiff fails to provide the proper context for the allegations in this

25  paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

26  form a belief as to the truth of such allegations and, therefore, deny the same.

27  21.    The allegations in this paragraph of the Complaint are not directed toward Defendants

28  and, therefore, no response is required.   To the extent a response is deemed required,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Defendants state that Plaintiff fails to provide the proper context for the allegations in this

2    paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to

3    form a belief as to the truth of such allegations and, therefore, deny the same.

4    22.    Plaintiff fails to provide the proper context for the allegations in this paragraph of the

5    Complaint. Defendants lack sufficient information or knowledge to form a belief as to the truth

6    of such allegations and, therefore, deny the same.

7    23.    Defendants state that Plaintiff's allegations regarding "predecessors in interest" are

8    vague and ambiguous. Defendants are without knowledge or information to form a belief as to

9    the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful

10    conduct and deny the remaining allegations in this paragraph of the Complaint.

11    24.    Plaintiff does not allege having used Celebrex® in this Complaint. Nevertheless,

12    Defendants admit that Celebrex® was launched in the United States in February 1999.

13    Defendants state that Celebrex® was and is safe and effective when used in accordance with its

14    FDA-approved prescribing information. Defendants admit that, during certain periods of time,

15    Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

16    prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

17    with their approval by the FDA. Defendants admit that, during certain periods of time,

18    Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

19    promoted and distributed Celebrex® in the United States to be prescribed by healthcare

20    providers who are by law authorized to prescribe drugs in accordance with their approval by the

21    FDA. The allegations in this paragraph of the Complaint regarding Merck and Vioxx® are not

22    directed toward Defendants and, therefore, no response is required. To the extent a response is

23    deemed required, Defendants state that Plaintiff fails to provide the proper context for the

24    allegations in this paragraph of the Complaint regarding Merck and Vioxx®. Defendants

25    therefore lack sufficient information or knowledge to form a belief as to the truth of such

26    allegations and, therefore, deny the same. Defendants deny the remaining allegations in this

27    paragraph of the Complaint.

28    25.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

on January 15, 2001. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

26.    Defendants admit that Bextra® was approved by the FDA on November 16, 2001. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny the remaining allegations in this paragraph of the Complaint.

27.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny the remaining allegations in this paragraph of the Complaint.

28.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

29.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

2   promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

3   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

4   that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

5   developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

6   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

7   with their approval by the FDA.  Defendants state that Plaintiff's allegations regarding

8   "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

9   information to form a belief as to the truth of such allegations, and, therefore, deny the same.

10  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

11  the Complaint.

12  30.     Defendants state that the referenced article speaks for itself and respectfully refer the

13  Court to the article for its actual language and text.  Any attempt to characterize the article is

14  denied.  Defendants state that Bextra® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

16  this paragraph of the Complaint.

17  31.     The allegations in this paragraph of the Complaint are not directed towards Defendants

18  and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

19  state that the referenced article speaks for itself and respectfully refer the Court to the article for

20  its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny

21  the remaining allegations in this paragraph of the Complaint.

22  32.     Defendants admit that the New Drug Application for Bextra® was filed with the FDA

23  on January 15, 2001.  Defendants admit that Bextra® was approved by the FDA, on November

24  16, 2001.   Defendants deny any wrongful conduct and the remaining allegations in this

25  paragraph of the Complaint.

26  33.     Defendants state that Bextra® was and is safe and effective when used in accordance

27  with its FDA-approved prescribing information.  Defendants state that the potential effects of

28  Bextra® were and are adequately described in its FDA-approved prescribing information,

1    which at all times was adequate and comported with applicable standards of care and law.

2    Defendants deny the allegations in this paragraph of the Complaint.

3    34.    Defendants state that the referenced FDA Talk Paper for Bextra® speaks for itself and

4    respectfully refer the Court to the Talk Paper for its actual language and text.  Any attempt to

5    characterize the Talk Paper is denied.   Defendants deny the remaining allegations in this

6    paragraph of the Complaint.

7    35.    Defendants state that the referenced article speaks for itself and respectfully refer the

8    Court to the article for its actual language and text.  Any attempt to characterize the article is

9    denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

10   36.    Plaintiff fails to provide the proper context for the allegations concerning the "post-drug

11   approval meta-analysis study" in this paragraph of the Complaint.   Defendants are without

12   sufficient information to confirm or deny such allegations and, therefore, deny the same.

13   Defendants state that the referenced study speaks for itself and respectfully refer the Court to

14   the study for its actual language and text.  Any attempt to characterize the study is denied.

15   Defendants deny the remaining allegations in this paragraph of the Complaint.

16   37.    The allegations in this paragraph of the Complaint are not directed towards Defendants

17   and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

18   state that the referenced article speaks for itself and respectfully refer the Court to the article for

19   its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny

20   the remaining allegations in this paragraph of the Complaint.

21   38.    The allegations in this paragraph of the Complaint are not directed towards Defendants

22   and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

23   admit that a Joint Meeting of the Arthritis Advisory Committee and the Drug Safety and Risk

24   Management Advisory Committee was held on February 16-18, 2005.  Defendants state that the

25   referenced testimony speaks for itself and respectfully refer the Court to the testimony for its

26   actual language and text.  Any attempt to characterize the testimony is denied.  Defendants

27   deny the remaining allegations in this paragraph of the Complaint.

28   39.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

2  deny the remaining allegations in this paragraph of the Complaint.

3  40.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

4  and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

5  and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied.

6  Defendants deny the remaining allegations in this paragraph of the Complaint.

7  41.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

8  and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

9  and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied.

10  Defendants deny the remaining allegations in this paragraph of the Complaint.

11  42.    Defendants state that Bextra® was and is safe and effective when used in accordance

12  with its FDA-approved prescribing information.  Defendants deny the allegations in this

13  paragraph of the Complaint.

14  43.    Defendants state that the referenced article speaks for itself and respectfully refer the

15  Court to the article for its actual language and text.  Any attempt to characterize the article is

16  denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

17  paragraph of the Complaint.

18  44.    The allegations in this paragraph of the Complaint are not directed towards Defendants

19  and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

20  state that the referenced article speaks for itself and respectfully refer the Court to the article for

21  its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny

22  the remaining allegations in this paragraph of the Complaint.

23  45.    Defendants state that Bextra® was and is safe and effective when used in accordance

24  with its FDA-approved prescribing information.  Defendants state that the potential effects of

25  Bextra® were and are adequately described in its FDA-approved prescribing information,

26  which was at all times adequate and comported with applicable standards of care and law.

27  Defendants deny the allegations in this paragraph of the Complaint.

28  46.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    with its FDA-approved prescribing information.  Defendants state that the potential effects of

2    Bextra® were and are adequately described in its FDA-approved prescribing information,

3    which was at all times adequate and comported with applicable standards of care and law.

4    Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

5    allegations in this paragraph of the Complaint.

6    47.    Defendants state that Bextra® was and is safe and effective when used in accordance

7    with its FDA-approved prescribing information.  Defendants state that the potential effects of

8    Bextra® were and are adequately described in its FDA-approved prescribing information,

9    which was at all times adequate and comported with applicable standards of care and law.

10    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

11    the Complaint.

12    48.    Defendants deny the allegations in this paragraph of the Complaint.

13    49.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

14    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

15    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

16    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

17    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

18    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

19    accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

20    effective when used in accordance with its FDA-approved prescribing information.  Defendants

21    state that the potential effects of Bextra® were and are adequately described in its FDA-

22    approved prescribing information, which was at all times adequate and comported with

23    applicable standards of care and law.   Defendants are without knowledge or information

24    sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used

25    Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the

26    allegations in this paragraph of the Complaint.

27    50.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

28    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

2   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

3   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

4   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

5   accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

6   effective when used in accordance with its FDA-approved prescribing information.  Defendants

7   state that the potential effects of Bextra® were and are adequately described in its FDA-

8   approved prescribing information, which was at all times adequate and comported with

9   applicable standards of care and law.  Defendants deny the remaining allegations in this

10  paragraph of the Complaint.

11  51.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

12  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

13  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

14  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

15  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

16  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

17  accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

18  effective when used in accordance with its FDA-approved prescribing information.  Defendants

19  state that the potential effects of Bextra® were and are adequately described in its FDA-

20  approved prescribing information, which was at all times adequate and comported with

21  applicable standards of care and law.  Defendants admit, as indicated in the package insert

22  approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms

23  of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary

24  dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

25  52.    Defendants state that Bextra® was and is safe and effective when used in accordance

26  with its FDA-approved prescribing information.  Defendants state that the potential effects of

27  Bextra® were and are adequately described in its FDA-approved prescribing information,

28  which at all times was adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and

2    ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

3    such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny

4    that Bextra® is defective, and deny the allegations in this paragraph of the Complaint.

5    53.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

6    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

7    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

8    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

9    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

10   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

11   accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

12   effective when used in accordance with its FDA-approved prescribing information.  Defendants

13   state that the potential effects of Bextra® were and are adequately described in its FDA-

14   approved prescribing information, which was at all times adequate and comported with

15   applicable standards of care and law.  Defendants deny the remaining allegations in this

16   paragraph of the Complaint.

17   54.    Defendants state that Bextra® was and is safe and effective when used in accordance

18   with its FDA-approved prescribing information.  Defendants state that the potential effects of

19   Bextra® were and are adequately described in its FDA-approved prescribing information,

20   which at all times was adequate and comported with applicable standards of care and law.

21   Defendants deny the remaining allegations in this paragraph of the Complaint.

22   55.    Defendants state that Bextra® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.  Defendants state that the potential effects of

24   Bextra® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

27   the Complaint.

28   56.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    with its FDA-approved prescribing information.  Defendants state that the potential effects of

2    Bextra® were and are adequately described in its FDA-approved prescribing information,

3    which was at all times adequate and comported with applicable standards of care and law.

4    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

5    the Complaint.

6    57.    Defendants deny the allegations in this paragraph of the Complaint.

7    58.    Defendants admit that the sale of Bextra® was voluntarily suspended in the U.S. market

8    as of April 7, 2005.  Defendants deny any wrongful conduct and deny the remaining allegations

9    contained in this paragraph of the Complaint.

10   59.    Defendants state that Bextra® was and is safe and effective when used in accordance

11   with its FDA-approved prescribing information.  Defendants state that the potential effects of

12   Bextra® were and are adequately described in its FDA-approved prescribing information,

13   which was at all times adequate and comported with applicable standards of care and law.

14   Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

15   allegations in this paragraph of the Complaint.

16   60.    Defendants state that Bextra® was and is safe and effective when used in accordance

17   with its FDA-approved prescribing information.  Defendants state that the potential effects of

18   Bextra® were and are adequately described in its FDA-approved prescribing information,

19   which was at all times adequate and comported with applicable standards of care and law.

20   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

21   the Complaint.

22   61.    Defendants deny any wrongful conduct and deny the remaining allegations in this

23   paragraph of the Complaint.

24   62.    Defendants state that Bextra® was and is safe and effective when used in accordance

25   with its FDA-approved prescribing information.  Defendants state that the potential effects of

26   Bextra® were and are adequately described in its FDA-approved prescribing information,

27   which was at all times adequate and comported with applicable standards of care and law.

28   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

2   authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit

3   that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

4   developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

5   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

6   with their approval by the FDA. Defendants deny any wrongful conduct and deny the

7   remaining allegations in this paragraph of the Complaint.

8   63.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

9   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

10  by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

11  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

12  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

13  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

14  accordance with their approval by the FDA. Defendants deny the remaining allegations in this

15  paragraph of the Complaint.

16  64.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

17  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

18  by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

19  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

20  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

21  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

22  accordance with their approval by the FDA. Defendants admit, as indicated in the package

23  insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and

24  symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of

25  primary dysmenorrhea. Defendants deny any wrongful conduct and deny the remaining

26  allegations in this paragraph of the Complaint.

27  65.     Defendants state that Bextra® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information. Defendants state that the potential effects of

1    Bextra® were and are adequately described in its FDA-approved prescribing information,

2    which was at all times adequate and comported with applicable standards of care and law.

3    Defendants are without knowledge or information sufficient to form a belief as to the truth of

4    the allegations regarding and whether Plaintiff used Bextra® and, therefore, deny the same.

5    Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra®

6    caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the

7    Complaint.

8    66.    Defendants state that Bextra® was and is safe and effective when used in accordance

9    with its FDA-approved prescribing information.  Defendants state that the potential effects of

10   Bextra® were and are adequately described in its FDA-approved prescribing information,

11   which was at all times adequate and comported with applicable standards of care and law.

12   Defendants are without knowledge or information sufficient to form a belief as to the truth of

13   the allegations regarding and whether Plaintiff used Bextra® and, therefore, deny the same.

14   Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and

15   ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

16   such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny

17   that Bextra® is defective, deny that Bextra® caused Plaintiff injury or damage, and deny the

18   remaining allegations in this paragraph of the Complaint.

19                    **Response to First Cause of Action: Negligence**

20   67.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

21   Complaint as if fully set forth herein.

22   68.    Defendants state that this paragraph of the Complaint contains legal contentions to

23   which no response is deemed required.   To the extent a response is deemed required,

24   Defendants admit that they had duties as are imposed by law but deny having breached such

25   duties.  Defendants state that the potential effects of Bextra® were and are adequately described

26   in its FDA-approved prescribing information, which was at all times adequate and comported

27   with applicable standards of care and law.  Defendants state that Bextra® was and is safe and

28   effective when used in accordance with its FDA-approved prescribing information.  Defendants

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

1    deny the remaining allegations in this paragraph of the Complaint.

2    69.    Defendants state that this paragraph of the Complaint contains legal contentions to

3    which no response is deemed required.   To the extent a response is deemed required,

4    Defendants admit that they had duties as are imposed by law but deny having breached such

5    duties.   Defendants state that Bextra® was and is safe and effective when used in accordance

6    with its FDA-approved prescribing information.   Defendants deny the remaining allegations in

7    this paragraph of the Complaint.

8    70.    Defendants state that this paragraph of the Complaint contains legal contentions to

9    which no response is required.   To the extent that a response is deemed required, Defendants

10   admit that they had duties as are imposed by law but deny having breached such duties.

11   Defendants state that Bextra® was and is safe and effective when used in accordance with its

12   FDA-approved prescribing information.   Defendants state that the potential effects of Bextra®

13   were and are adequately described in its FDA-approved prescribing information, which was at

14   all times adequate and comported with applicable standards of care and law.   Defendants deny

15   any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint,

16   including all subparts.

17   71.    Defendants state that Bextra® was and is safe and effective when used in accordance

18   with its FDA-approved prescribing information.   Defendants state that the potential effects of

19   Bextra® were and are adequately described in its FDA-approved prescribing information,

20   which was at all times adequate and comported with applicable standards of care and law.

21   Defendants are without knowledge or information sufficient to form a belief as to the truth of

22   the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

23   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

24   the Complaint.

25   72.    Defendants state that Bextra® was and is safe and effective when used in accordance

26   with its FDA-approved prescribing information.   Defendants state that the potential effects of

27   Bextra® were and are adequately described in its FDA-approved prescribing information,

28   which was at all times adequate and comported with applicable standards of care and law.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2  the Complaint.

3  73.    Defendants state that Bextra® was and is safe and effective when used in accordance

4  with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny

5  that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this

6  paragraph of the Complaint.

7  74.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

8  damage, and deny the remaining allegations in this paragraph of the Complaint.

9  75.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

10  damage and deny the remaining allegations in this paragraph of the Complaint.

11  76.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

12  damage, and deny the remaining allegations in this paragraph of the Complaint.

13  **Response to Second Cause of Action: Strict Liability**

14  77.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

15  Complaint as if fully set forth herein.

16  78.    Defendants are without knowledge or information sufficient to form a belief as to the

17  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

18  Defendants admit that Bextra® was expected to reach consumers without substantial change in

19  the condition from the time of sale.  Defendants deny the remaining allegations in this

20  paragraph of the Complaint.

21  79.    Defendants state that Bextra® was and is safe and effective when used in accordance

22  with its FDA-approved prescribing information.  Defendants state that the potential effects of

23  Bextra® were and are adequately described in its FDA-approved prescribing information,

24  which was at all times adequate and comported with applicable standards of care and law.

25  Defendants deny the allegations in this paragraph of the Complaint.

26  80.    Defendants state that Bextra® was and is safe and effective when used in accordance

27  with its FDA-approved prescribing information.  Defendants state that the potential effects of

28  Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    which was at all times adequate and comported with applicable standards of care and law.

2    Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining

3    allegations in this paragraph of the Complaint.

4    81.    Defendants state that this paragraph of the Complaint contains legal contentions to

5    which no response is deemed required.    To the extent a response is deemed required,

6    Defendants state that Bextra® was and is safe and effective when used in accordance with its

7    FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

8    were and are adequately described in its FDA-approved prescribing information, which was at

9    all times adequate and comported with applicable standards of care and law.  Defendants deny

10   that Bextra® is unreasonably dangerous, and deny the remaining allegations in this paragraph

11   of the Complaint, including all subparts.

12   82.    Defendants state that Bextra® was and is safe and effective when used in accordance

13   with its FDA-approved prescribing information.  Defendants state that the potential effects of

14   Bextra® were and are adequately described in its FDA-approved prescribing information,

15   which was at all times adequate and comported with applicable standards of care and law.

16   Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra®

17   caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the

18   Complaint.

19   83.    Defendants state that Bextra® was and is safe and effective when used in accordance

20   with its FDA-approved prescribing information.  Defendants state that the potential effects of

21   Bextra® were and are adequately described in its FDA-approved prescribing information,

22   which was at all times adequate and comported with applicable standards of care and law.

23   Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

24   allegations in this paragraph of the Complaint.

25   84.    Defendants are without knowledge or information sufficient to form a belief as to the

26   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

27   Defendants state that Bextra® was and is safe and effective when used in accordance with its

28   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

-21-

ANSWER TO COMPLAINT – 3:07-cv-03643-CRB

were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

85.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

86.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

87.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

88.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Defendants state that Bextra® was and is safe and effective when used in accordance with its

2    FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

3    were and are adequately described in its FDA-approved prescribing information, which was at

4    all times adequate and comported with applicable standards of care and law.  Defendants deny

5    that Bextra® is defective and deny the remaining allegations in this paragraph of the Complaint.

6    89.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

7    damage, and deny the remaining allegations in this paragraph of the Complaint.

8    90.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

9    damage, and deny the remaining allegations in this paragraph of the Complaint.

10    91.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

11    damage, and deny the remaining allegations in this paragraph of the Complaint.

12          **Response to Third Cause of Action: Breach of Express Warranty**

13    92.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

14    Complaint as if fully set forth herein.

15    93.    Defendants are without knowledge or information sufficient to form a belief as to the

16    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

17    Defendants state that Bextra® was and is safe and effective when used in accordance with its

18    FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

19    were and are adequately described in its FDA-approved prescribing information, which was at

20    all times adequate and comported with applicable standards of care and law.  Defendants admit

21    that they provided FDA-approved prescribing information regarding Bextra®.  Defendants

22    deny the remaining allegations in this paragraph of the Complaint.

23    94.    Defendants are without knowledge or information sufficient to form a belief as to the

24    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

25    Defendants state that Bextra® was and is safe and effective when used in accordance with its

26    FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

27    were and are adequately described in its FDA-approved prescribing information, which was at

28    all times adequate and comported with applicable standards of care and law.  Defendants admit

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    that they provided FDA-approved prescribing information regarding Bextra®.   Defendants

2    deny the remaining allegations in this paragraph of the Complaint, including all subparts.

3    95.    Defendants deny the allegations in this paragraph of the Complaint.

4    96.    Defendants state that Bextra® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.  Defendants state that the potential effects of

6    Bextra® were and are adequately described in its FDA-approved prescribing information,

7    which was at all times adequate and comported with applicable standards of care and law.

8    Defendants admit that they provided FDA-approved prescribing information regarding

9    Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

10   97.    Defendants state that Bextra® was and is safe and effective when used in accordance

11   with its FDA-approved prescribing information.  Defendants state that the potential effects of

12   Bextra® were and are adequately described in its FDA-approved prescribing information,

13   which was at all times adequate and comported with applicable standards of care and law.

14   Defendants admit that they provided FDA-approved prescribing information regarding

15   Bextra®.  Defendants deny any wrongful conduct the remaining allegations in this paragraph of

16   the Complaint.

17   98.    Defendants are without knowledge or information sufficient to form a belief as to the

18   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

19   Defendants admit that they provided FDA-approved prescribing information regarding

20   Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

21   99.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

22   damage, and deny the remaining allegations in this paragraph of the Complaint.

23   100.   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

24   damage, and deny the remaining allegations in this paragraph of the Complaint.

25   101.   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

26   damage, and deny the remaining allegations in this paragraph of the Complaint.

27   **Response to Fourth Cause of Action: Breach of Implied Warranty**

28   102.   Defendants incorporate by reference their responses to each paragraph of Plaintiff's

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Complaint as if fully set forth herein.

2    103.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

3    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

4    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

5    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

6    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

7    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

8    accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

9    paragraph of the Complaint.

10   104.    Defendants admit that they provided FDA-approved prescribing information regarding

11   Bextra®.  Defendants admit, as indicated in the package insert approved by the FDA, that

12   Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

13   rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state

14   that Bextra® was and is safe and effective when used in accordance with its FDA-approved

15   prescribing information.  Defendants deny the remaining allegations in this paragraph of the

16   Complaint.

17   105.    Defendants state that Bextra® was and is safe and effective when used in accordance

18   with its FDA-approved prescribing information.  Defendants state that the potential effects of

19   Bextra® were and are adequately described in its FDA-approved prescribing information,

20   which was at all times adequate and comported with applicable standards of care and law.

21   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

22   the Complaint.

23   106.    Defendants state that Bextra® was and is safe and effective when used in accordance

24   with its FDA-approved prescribing information.  Defendants state that the potential effects of

25   Bextra® were and are adequately described in its FDA-approved prescribing information,

26   which was at all times adequate and comported with applicable standards of care and law.

27   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

28   the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

107.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

108.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

109.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was expected to reach consumers without substantial change in the condition from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

110.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

111.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

112.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

113.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fifth Cause of Action: Fraudulent Misrepresentation & Concealment**

114.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

115.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required.    To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

116.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

117.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

118.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    dangerous, and deny the remaining allegations in this paragraph of the Complaint.

2    119.    Defendants state that Bextra® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendants state that the potential effects of

4    Bextra® were and are adequately described in its FDA-approved prescribing information,

5    which was at all times adequate and comported with applicable standards of care and law.

6    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

7    the Complaint.

8    120.    Defendants deny any wrongful conduct and deny the remaining allegations in this

9    paragraph of the Complaint.

10   121.    Defendants are without knowledge or information sufficient to form a belief as to the

11   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

12   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

13   the Complaint.

14   122.    Defendants are without knowledge or information sufficient to form a belief as to the

15   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

16   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

17   the Complaint.

18   123.    Defendants are without knowledge or information sufficient to form a belief as to the

19   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

20   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

21   the Complaint.

22   124.    Defendants deny any wrongful conduct and deny the remaining allegations in this

23   paragraph of the Complaint.

24   125.    Defendants are without knowledge or information sufficient to form a belief as to the

25   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

26   Defendants state that Bextra® was and is safe and effective when used in accordance with its

27   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

28   were and are adequately described in its FDA-approved prescribing information, which was at

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    all times adequate and comported with applicable standards of care and law.  Defendants deny

2    any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

3    126.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

4    damage, and deny the remaining allegations in this paragraph of the Complaint.

5    127.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

6    damage, and deny the remaining allegations in this paragraph of the Complaint.

7    128.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

8    damage, and deny the remaining allegations in this paragraph of the Complaint.

9                    **Response to Sixth Cause of Action: Unjust Enrichment**

10   129.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

11   Complaint as if fully set forth herein.

12   130.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

13   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

14   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

15   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

16   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

17   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

18   accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

19   paragraph of the Complaint.

20   131.    Defendants are without knowledge or information sufficient to form a belief as to the

21   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

22   Defendants deny the remaining allegations in this paragraph of the Complaint.

23   132.    Defendants are without knowledge or information sufficient to form a belief as to the

24   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

25   Defendants deny the remaining allegations in this paragraph of the Complaint.

26   133.    Defendants are without knowledge or information sufficient to form a belief as to the

27   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

28   Defendants state that Bextra® was and is safe and effective when used in accordance with its

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    FDA-approved prescribing information.  Defendants deny the remaining allegations in this

2    paragraph of the Complaint.

3    134.    Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

5    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage,

6    and deny the remaining allegations in this paragraph of the Complaint.

7    135.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

8    damage, and deny the remaining allegations in this paragraph of the Complaint.

9                            **Response to Prayer for Relief**

10           Answering the unnumbered paragraph of the Complaint headed "Prayer for Relief,"

11   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage,

12   and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

13                                    **III.**

14                            **GENERAL DENIAL**

15           Defendants deny all allegations and/or legal conclusions set forth in Plaintiff's

16   Complaint that have not been previously admitted, denied, or explained.

17                                    **IV.**

18                            **AFFIRMATIVE DEFENSES**

19           Defendants reserve the right to rely upon any of the following or additional defenses to

20   claims asserted by Plaintiff to the extent that such defenses are supported by information

21   developed through discovery or evidence at trial.  Defendants affirmatively show that:

22                            **First Defense**

23   1.     The Complaint fails to state a claim upon which relief can be granted.

24                            **Second Defense**

25   2.     Bextra® is a prescription medical product.  The federal government has preempted the

26   field of law applicable to the labeling and warning of prescription medical products.

27   Defendants' labeling and warning of Bextra® was at all times in compliance with applicable

28   federal law.  Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon

1  which relief can be granted; such claims, if allowed, would conflict with applicable federal law

2  and violate the Supremacy Clause of the United States Constitution.

3  **Third Defense**

4  3.    At all relevant times, Defendants provided proper warnings, information and

5  instructions for the drug in accordance with generally recognized and prevailing standards in

6  existence at the time.

7  **Fourth Defense**

8  4.    At all relevant times, Defendants' warnings and instructions with respect to the use of

9  Bextra® conformed to the generally recognized, reasonably available, and reliable state of

10  knowledge at the time the drug was manufactured, marketed and distributed.

11  **Fifth Defense**

12  5.    Plaintiff's action is time-barred as it is filed outside of the time permitted by the

13  applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

14  **Sixth Defense**

15  6.    Plaintiff's action is barred by the statute of repose.

16  **Seventh Defense**

17  7.    If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the

18  Complaint, the same were caused by the negligence or fault of the Plaintiff and Plaintiff's

19  damages, if any, are barred or reduced by the doctrines of comparative fault and contributory

20  negligence and by the failure to mitigate damages.

21  **Eighth Defense**

22  8.    The proximate cause of the loss complained of by Plaintiff is not due to any acts or

23  omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the

24  part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not

25  liable in any way.

26  **Ninth Defense**

27  9.    The acts and/or omissions of unrelated third parties as alleged constituted independent,

28  intervening causes for which Defendants cannot be liable.

1

**Tenth Defense**

2

10.     Any injuries or expenses incurred by Plaintiff were not caused by Bextra®, but were

3

proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act

4

of God.

5

**Eleventh Defense**

6

11.     Defendants affirmatively deny that they violated any duty owed to Plaintiff.

7

**Twelfth Defense**

8

12.     A manufacturer has no duty to warn patients or the general public of any risk,

9

contraindication, or adverse effect associated with the use of a prescription medical product.

10

Rather, the law requires that all such warnings and appropriate information be given to the

11

prescribing physician and the medical profession, which act as a "learned intermediary" in

12

determining the use of the product.  Bextra® is a prescription medical product, available only

13

on the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiff's

14

treating and prescribing physicians.

15

**Thirteenth Defense**

16

13.     The product at issue was not in a defective condition or unreasonably dangerous at the

17

time it left the control of the manufacturer or seller.

18

**Fourteenth Defense**

19

14.     Bextra® was at all times material to the Complaint reasonably safe and reasonably fit

20

for its intended use and the warnings and instructions accompanying Bextra® at the time of the

21

occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

22

**Fifteenth Defense**

23

15.     Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the

24

Bextra® allegedly ingested by Plaintiff was prepared in accordance with the applicable

25

standard of care.

26

**Sixteenth Defense**

27

16.     If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the

28

Complaint, the same were caused by the unforeseeable alteration, change, improper handling,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

abnormal use, or other unforeseeable misuse of Bextra® by persons other than Defendants or persons acting on its behalf after the product left the control of Defendants.

### Seventeenth Defense

17.    Plaintiff's alleged damages were not caused by any failure to warn on the part of Defendants.

### Eighteenth Defense

18.    Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

### Nineteenth Defense

19.    Plaintiff knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

### Twentieth Defense

20.    Plaintiff is barred from recovering against Defendants because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

### Twenty-first Defense

21.    Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### Twenty-second Defense

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of action are preempted.

### Twenty-third Defense

23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Twenty-fourth Defense

24.    Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

### Twenty-fifth Defense

25.    Plaintiff's claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

### Twenty-sixth Defense

26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

### Twenty-seventh Defense

27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

### Twenty-eighth Defense

28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

### Twenty-ninth Defense

29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts sufficient under the law to justify an award of punitive damages.

### Thirtieth Defense

30.    The imposition of punitive damages in this case would violate Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution, the Constitution of the State of Arkansas, and the Constitution of the State of California, and would additionally violate Defendants' right to substantive due process under the Fourteenth Amendment of the United States Constitution.

1

**Thirty-first Defense**

2    31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and

3    Fourteenth Amendments to the United States Constitution.

4

**Thirty-second Defense**

5    32.    The imposition of punitive damages in this case would violate the First Amendment to

6    the United States Constitution.

7

**Thirty-third Defense**

8    33.    Plaintiff's punitive damage claims are preempted by federal law.

9

**Thirty-fourth Defense**

10    34.    In the event that reliance was placed upon Defendants' nonconformance to an express

11    representation, this action is barred as there was no reliance upon representations, if any, of

12    Defendants.

13

**Thirty-fifth Defense**

14    35.    Plaintiff failed to provide Defendants with timely notice of any alleged nonconformance

15    to any express representation.

16

**Thirty-sixth Defense**

17    36.    To the extent that Plaintiff's claims are based on a theory providing for liability without

18    proof of causation, the claims violate Defendants' rights under the United States Constitution.

19

**Thirty-seventh Defense**

20    37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and

21    labeling with respect to the subject pharmaceutical products were not false or misleading and,

22    therefore, constitute protected commercial speech under the applicable provisions of the United

23    States Constitution.

24

**Thirty-eighth Defense**

25    38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly

26    caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

27    law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

28    protections afforded by the United States Constitution, the excessive fines clause of the Eighth

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ANSWER TO COMPLAINT – 3:07-cv-03643-CRB

1   Amendment of the United States Constitution, the Commerce Clause of the United States

2   Constitution, and the Full Faith and Credit Clause of the United States Constitution and the

3   Constitutions of the States of Arkansasand California.   Any law, statute, or other authority

4   purporting to permit the recovery of punitive damages in this case is unconstitutional, facially

5   and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient

6   standards to guide and restrain the jury's discretion in determining whether to award punitive

7   damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate

8   advance notice as to what conduct will result in punitive damages; (3)  permits recovery of

9   punitive damages based on out-of-state conduct, conduct that complied with applicable law, or

10  conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits

11  recovery of punitive damages in an amount that is not both reasonable and proportionate to the

12  amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5)

13  permits jury consideration of net worth or other financial information relating to Defendants;

14  (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict

15  review of any punitive damages awards; (7) lacks constitutionally sufficient standards for

16  appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court

17  precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111

18  (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North*

19  *America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*,

20  538 U.S. 408 (2003).

21                          **Thirty-ninth Defense**

22  39.     The methods, standards, and techniques utilized with respect to the manufacture, design,

23  and marketing of Bextra®, if any, used in this case, included adequate warnings and

24  instructions with respect to the product's use in the package insert and other literature, and

25  conformed to the generally recognized, reasonably available, and reliable state of the

26  knowledge at the time the product was marketed.

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

**Fortieth Defense**

2      40.    The claims asserted in the Complaint are barred because Bextra® was designed, tested,

3      manufactured and labeled in accordance with the state-of-the-art industry standards existing at

4      the time of the sale.

5

**Forty-first Defense**

6      41.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information

7      and belief, such injuries and losses were caused by the actions of persons not having real or

8      apparent authority to take said actions on behalf of Defendants and over whom Defendants had

9      no control and for whom Defendants may not be held accountable.

10

**Forty-second Defense**

11     42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

12     was not unreasonably dangerous or defective, was suitable for the purpose for which it was

13     intended, and was distributed with adequate and sufficient warnings.

14

**Forty-third Defense**

15     43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches,

16     waiver, and/or estoppel.

17

**Forty-fourth Defense**

18     44.    Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the

19     pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or

20     illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were

21     independent of or far removed from Defendants' conduct.

22

**Forty-fifth Defense**

23     45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

24     did not proximately cause injuries or damages to Plaintiff.

25

**Forty-sixth Defense**

26     46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff

27     did not incur any ascertainable loss as a result of Defendants' conduct.

28

**Gordon & Rees, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Forty-seventh Defense**

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

**Forty-eighth Defense**

48.    The claims must be dismissed because Plaintiff would have taken Bextra® even if the product labeling contained the information that Plaintiff contends should have been provided.

**Forty-ninth Defense**

49.    The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

**Fiftieth Defense**

50.    Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

**Fifty-first Defense**

51.    Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.    Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

**Fifty-second Defense**

52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

1    ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated there under, and Plaintiff's

2    claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

3    FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,

4    and with the specific determinations by FDA specifying the language that should be used in the

5    labeling accompanying Bextra®.    Accordingly, Plaintiff's claims are preempted by the

6    Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

7    United States.

8                                   **Fifty-fourth Defense**

9    54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity

10   required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

11                                   **Fifty-fifth Defense**

12   55.    Defendants state on information and belief that the Complaint and each purported cause

13   of action contained therein is barred by the statutes of limitations contained in California Code

14   of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as

15   may apply.

16                                   **Fifty-sixth Defense**

17   56.    Defendants state on information and belief that any injuries, losses, or damages suffered

18   by Plaintiff were proximately caused, in whole or in part, by the negligence or other actionable

19   conduct of persons or entities other than Defendants.    Therefore, Plaintiff's recovery against

20   Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

21                                   **Fifty-seventh Defense**

22   57.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of

23   Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

24   Code § 3294, and, therefore, any award of punitive damages is barred.    Any claim for punitive

25   damages is also barred under California Civil Code § 3294(b).

26                                   **Fifty-eighth Defense**

27   58.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity

28   required by Rule 9 of the Arkansas Rules of Civil Procedure, and should be dismissed.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fifty-ninth Defense**

59.    Any claims for breach of warranty are barred for lack of reasonable reliance, lack of timely notice, lack of privity, and because the alleged warranties were excluded and/or disclaimed.

**Sixtieth Defense**

60.    Plaintiffs' claims are barred and/or limited by the provisions of the Arkansas Products Liability Act, Ark. Code Ann. § 16-116-101, et seq.

**Sixty-first Defense**

61.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Arkansas Civil Justice Reform Act of 2003, Ark. Code Ann. § 16-55-201 et seq.

**Sixty-second Defense**

62.    Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiff's claims.

**V.**

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiff take nothing from Defendants by reason of the Complaint;

2.    That the Complaint be dismissed;

3.    That Defendants be awarded their costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiff's alleged injuries, losses or damages is attributable to each person;

5.    That any judgment for damages against Defendants in favor of Plaintiff be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiff's injuries and damages; and

6.    That Defendants have such other and further relief as the Court deems appropriate.

1  October 8, 2007                                    GORDON & REES LLP

2

3                                                     By:_____/s/_____

4                                                         Stuart M. Gordon
                                                          sgordon@gordonrees.com
5                                                         Embarcadero Center West
                                                          275 Battery Street, 20th Floor
6                                                         San Francisco, CA 94111
                                                          Telephone:  (415) 986-5900
7                                                         Fax:  (415) 986-8054

8
   October 8, 2007                                    TUCKER ELLIS & WEST LLP
9                                                     .

10

11                                                    By:_____/s/_____

12                                                        Michael C. Zellers
                                                          michael.zellers@tuckerellis.com
13                                                        515 South Flower Street, Suite 4200
                                                          Los Angeles, CA  90071-2223
14                                                        Telephone:  (213) 430-3400
                                                          Fax:  (213) 430-3409

15                                                        Attorneys for Defendants
                                                          PFIZER INC., PHARMACIA
16                                                        CORPORATION, AND G.D. SEARLE
                                                          LLC

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

# JURY DEMAND

Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, hereby demand a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

October 8, 2007                                   GORDON & REES LLP


By:_____/s/_____

Stuart M. Gordon
sgordon@gordonrees.com
Embarcadero Center West
275 Battery Street, 20th Floor
San Francisco, CA  94111
Telephone:  (415) 986-5900
Fax:  (415) 986-8054


October 8, 2007                                   TUCKER ELLIS & WEST LLP


By:_____/s/_____
Michael C. Zellers
michael.zellers@tuckerellis.com
515 South Flower Street, Suite 4200
Los Angeles, CA 90071-2223
Telephone:  (213) 430-3400
Fax:  (213) 430-3409

Attorneys for Defendants
PFIZER INC., PHARMACIA
CORPORATION, AND G.D. SEARLE
LLC

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111